IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT B. SURRICK                    :         CIVIL ACTION

         v.                          :

MBNA AMERICA BANK, et al.            :         NO. 06-4564


**MEMORANDUM**

**Baylson, J.**                                        **July 23, 2007**

I.       **Introduction**

Presently before the Court are the Motion of Defendants MBNA American Bank, N.A.

("MBNA") and the law firm of Wolpoff and Abramson, LLP, (and other named Defendants who

appear to be attorneys employed by that firm) ("Wolpoff Defendants") to Dismiss for Lack of

Jurisdiction and/or for Failure to State a Claim (Doc. No. 10), and the Motion of Defendant

National Arbitration Forum ("NAF") to Dismiss for Failure to State a Claim (Doc. No. 14).[1]

The Plaintiff is represented by counsel Frank J. Marcone, Esquire.  The First Amended

Complaint, filed on October 18, 2006, asserts that he is an individual and an attorney residing in

Florida, that Defendant MBNA resides in Delaware, and the Wolpoff Defendants reside in Camp

Hill, Pennsylvania.  There are two other Defendants named in this case, NAF which maintains an

office in Minnesota, and an individual, Laura Johnson who maintains a business address in

Minnesota.

---

[1]Defendants have also moved to strike Plaintiff's Responses to their Motions to Dismiss,
arguing the Responses were untimely.  Since the Court will grant Defendants' Motions to
Dismiss based on the merits of all the parties' arguments, the Court will not consider the Motions
to Strike, and dismiss them as moot.

The Complaint proceeds on three Counts stemming from allegedly improper and unfair debt collection practices by the Defendants.  The first is for declaratory judgment that the Defendants violated the Fair Debt Collection Practice Act, ("FDCPA" or "Act"), 15 U.S.C. § 1692a *et seq*., by their efforts to collect a debt allegedly owed by the Plaintiff.  Count II asks for injunctive relief to which Plaintiff alleges he is entitled under 42 U.S.C. § 1983.  Count III, entitled "Damages", incorporates by reference the averments of the prior paragraphs and seeks damages for violations of 42 U.S.C. § 1983 and 15 U.S.C. §§ 1692d and 1692i, the Pennsylvania Loan, Interest and Protection Law, Unfair Trade Practices and Consumer Protection Law, and the federal FDCPA, and Racketeering Influenced and Corrupt Organizations Act ("RICO").

## II.      Parties' Contentions

Defendant MBNA and the Wolpoff Defendants have moved to dismiss on several grounds.  First, they argue that Plaintiff's purported claim under the FDCPA is deficient because the Plaintiff has failed to allege the place where he signed the contract or the place of the debtor's residence at the time suit was filed, and venue is limited to such places.  Defendants also claim that the Plaintiff has failed to allege that the amount in controversy meets federal diversity requirements, failed to establish that he is a citizen of a different state from the Defendants, and his federal claims fail to state a cause of action under Fed. R. Civ. P. 12(b)(6) because: (1) Defendants are private actors not subject to the federal Civil Rights Act; (2) MBNA is not a debt collector under the FDCPA; (3) the filing of an arbitration claim is not an illegal action under the FDCPA; (4) the FDCPA does not provide for injunctive declaratory relief, and Plaintiff does not allege facts giving rise to a claim of harassment or abuse under § 1692d of the Act; and (5) Plaintiff has not properly alleged a RICO claim.

Defendant NAF moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on the grounds: (1) NAF is entitled to arbitral immunity; (2) the First Amended Complaint represents an impermissible collateral attack on the underlying arbitration award; (3) NAF is not a debt collector under the FDCPA; (4) Plaintiff cannot state a claim under Pennsylvania law for wrongful use of civil proceedings; and (5) Plaintiff has failed to properly allege claims under either the federal Civil Rights Act or RICO.

Plaintiff has filed briefs in response to both Motions, which although disputing Defendants' arguments, have a paucity of coherent argument or legal citations.  The Court has determined to grant the Defendants' Motions to Dismiss without prejudice for the following reasons, but to give Plaintiff one final chance to replead to see if Plaintiff can correct the deficiencies noted in this Memorandum.

**II.**     **Discussion**

    **1.**     **Jurisdiction**

The Court rejects Defendants' claim that Plaintiff has not alleged diversity of citizenship because the Complaint alleges that the Plaintiff resides in Florida and the Defendants are situated in Delaware, Pennsylvania and Minnesota.  However, the Defendants are correct that there are no allegations as to the amount in controversy and no way to discern that the amount in controversy requirement is satisfied by any other allegation in the Complaint as to the statement of claims.

As to the federal claims, 42 U.S.C. § 1983, and the FDCPA, there is no jurisdictional amount required.

    **2.**     **Venue**

Concerning venue, the Defendants are correct that venue for the FDCPA claim is either

the place where the debtor signed the contract or the place of the debtor's residence at the time

the suit was filed.  15 U.S.C. § 1692i.  Plaintiff makes no allegations to satisfy this requirement,

nor do the Plaintiff's briefs address this issue.  Therefore, the Court will grant the motion to

dismiss the FDCPA claim for failure to satisfy the venue allegation, without prejudice.

As to venue on the state law claims, the Plaintiff also does not establish that venue exists

in this District.

### 3. Failure to State a Claim

Moving to the substantive claims, the Court finds that the Plaintiff has failed to make a

sufficient allegation of a violation of the FDCPA because he has failed to show that MBNA or

NAF is a debt collector, the Plaintiff has failed to show that the filing of an arbitration claim is a

"legal action" under the FDCPA, or that Plaintiff would be entitled to injunctive or declaratory

relief under the FDCPA.  Without allegations in the Complaint or legal arguments in his brief,

Plaintiff has failed to show that he is entitled to maintain an action against the Defendants under

the FDCPA.

As to the claims under § 1983, Plaintiff has failed to show that any of the Defendants are

state actors.  His RICO claims are woefully inadequate.  See the discussion in this Court's prior

opinions in Morrow v. Blessing, No.04-1161, 2004 WL 2223311 (E.D. Pa. Sept. 29, 2004) and

Healthguard of Lancaster, Inc. v. Gartenberg, No. 02-2611, 2004 WL 632722 (E.D. Pa. March 5,

2004).

## IV. Conclusion

Without federal jurisdiction, the Court will not hear Plaintiff's state law claims.  The

Court does not know whether the Plaintiff can remedy these defects, but will give Plaintiff one

more opportunity to file a second amended complaint that addresses and establishes that

jurisdiction and venue exist in this Court, and that Plaintiff can allege facts establishing a claim

against the Defendants.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT B. SURRICK               :        CIVIL ACTION

      v.                                   :

MBNA AMERICA BANK, et al.        :        NO. 06-4564

**ORDER**

AND NOW, this **24th** day of July, 2007, upon consideration of Defendants' Motions to

Dismiss (Docs. No. 10 & 14), and the briefs in support and in opposition thereof, Defendants'

Motions to Dismiss are GRANTED. It is hereby ORDERED that Plaintiff's First Amended

Complaint is dismissed without prejudice as to all Defendants. It is further ORDERED that

Defendants' Motions to Strike (Docs. No. 16 & 20) are DENIED as moot.

                                           BY THE COURT:

                                           **/s/ Michael M. Baylson**

                                           _____

                                           Michael M. Baylson, U.S.D.J.

A:\Surrick v. MBNA - Memorandum Motion Dismiss.wpd